LEWIS, J.,
concurring in result only.
I am concerned with whether we have properly and adequately addressed this defendant’s background and the failure of trial counsel to investigate and disclose to the jury during the penalty phase mitigation evidence with regard to the defendant’s mental health status, cognitive and intellectual impairments, school performance, and drug and alcohol abuse. I am concerned that this evidence may undermine confidence in the outcome of that proceeding. I am particularly concerned with the school records and the school psychology service unit records.
At the postconviction hearing, it was established that trial counsel totally failed to investigate and present testimony of any mental health expert, and did not introduce into evidence any school or medical records of the defendant. Based upon trial counsel’s failure to investigate, it was not disclosed that the defendant had a low IQ score of seventy-five; that he functioned in the borderline range of intelligence with academic and behavioral problems; that he performed so poorly academically that he repeated the second and fourth grades; that he withdrew from school after repeating the seventh grade several times; that he had a learning disability; and, importantly, that he was enrolled in the special learning program titled Exceptional Student Education. The testimony at the postconviction hearing also established that trial counsel failed to investigate and present evidence that the defendant experienced chronic depression since childhood; that he abused drugs and alcohol; that he suffered from an extreme psychological or emotional disturbance at the time of the crime, including depression; and that he had a frontal lobe dysfunction likely caused by organic brain damage. I am concerned with whether the failure of trial counsel to investigate and present this evidence in support of mitigation undermines confidence in the outcome of the penalty phase because it failed to permit the jury to weigh and consider “any relevant mitigating factor.” Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 454-55, 175 L.Ed.2d 398 (2009) (quoting Eddings v. Oklahoma, 455 U.S. 104, 112, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982)).
In Porter, the United States Supreme Court held that the failure of trial counsel to conduct a thorough investigation into potential mitigation evidence for the penalty phase was prejudicial to the defendant. See id. The High Court held that the failure of trial counsel to investigate certain mitigation evidence undermined the outcome of the penalty phase proceedings because the absence of that evidence deprived the jury of the opportunity to consider any relevant mitigating evidence when it determined its recommended sentence. See id. The evidence trial counsel failed to investigate and present during the penalty phase in Porter was similar to the evidence carelessly omitted by trial counsel in this case. In this case, as in Porter, the evidence included the possible existence of a brain abnormality and cognitive defects, substance abuse, and impairments to the defendant’s mental health. See id. at 450-51. Thus, as in PoHer, trial counsel’s failure in this case to present the *131 evidence of mitigation impacted the outcome of the penalty phase and may have prejudiced the defendant.
Further, in a case analogous to Porter, the United States Court of Appeals for the Eleventh Circuit held that trial counsel’s failure to investigate and present evidence constituted ineffective assistance of counsel. See Cooper v. Sec’y, Dep’t of Corr., 646 F.3d 1328, 1350-57 (11th Cir.2011). More specifically, the Eleventh Circuit stated that the failure of trial counsel to investigate and present possible evidence of physical and emotional abuse inflicted upon the defendant, the defendant’s history of drug and alcohol abuse, abandonment of the defendant by his mother, as well as the learning deficits and depression of the defendant, prejudiced the defendant and constituted ineffective assistance of counsel. See id. at 1352-57. The court held that there was a reasonable probability that had trial counsel investigated and presented such evidence, the trial court would have found that the balance of aggravating and mitigating factors did not warrant death. See id. at 1356-57. Similar to Cooper, the evidence in this case that trial counsel failed to investigate and present included impairments in intellectual and cognitive functions, as well as evidence of mental health problems and substance abuse. Thus, as in Cooper, trial counsel’s failure to present mitigation evidence impacts confidence in the outcome of the penalty phase.
As in both Porter and Cooper, the evidence that trial counsel failed to investigate and present in this case was pertinent to mitigation because it would have painted a fuller picture of the cognitive and intellectual functions and impairments of the defendant and the status of his poor mental health at the time of the homicide. The school records alone would have had a significant impact. The failure of trial counsel to investigate and present this information at the penalty phase deprived the jury of the opportunity to evaluate and weigh it as part of their recommended sentence. See Porter, 130 S.Ct. at 454 (“Under Florida law, mental health evidence that does not rise to the level of establishing a statutory mitigating circumstance may nonetheless be considered by the sentencing judge and jury as mitigating.”); see also Griffin v. State, 820 So.2d 906, 913 (Fla.2002) (“Under our death penalty system, trial courts are required to consider all mitigating evidence presented by the defendant and supported by the record.” (emphasis added)).
The evolving standards with regard to attorney performance have, in my view, certainly progressed to the point that all of this background information should have been presented. The jury should have known that this defendant was an ESE student at the elementary school level and failed every subject multiple times as he attempted seventh grade material. This defendant may not have been a military hero as was the defendant in Porter, but the jury should have known that this defendant was under stress and suffered severe problems not of his own creation from his early elementary school days. Juries need to know “who” the defendant is as they return the verdict in a capital case. My colleagues have worked long and hard to properly analyze this case, but my concerns remain.
QUINCE, J., concurs.